=====

## Case No. 17,299.

### The WAVE.

[Blatchf. Prize Cas. 329.] [1]

District Court, S. D. New York. Feb. 28, 1863.

PRIZE PROCEEDING—CONDEMNATION OF CARGO—DISCHARGE OF VESSEL.

1. The vessel was, after her capture, appropriated to the use of the United States, and was not sent into port. Her cargo was sent in by another vessel, and was arrested in this suit. None of her company were sent in as witnesses. A person present at the capture was, by order of the court, examined as a witness.

2. Cargo condemned for a violation of the blockade.

3. Vessel discharged for want of legal arrest and prosecution.

BETTS, District Judge. The vessel and cargo above mentioned were captured, as prize, June 27, 1862, in Mississippi Sound, by the United States brig Bohio; and, the vessel not being deemed seaworthy, the captors transmitted the cargo found on board of her to this port for adjudication. On the return of process of attachment against the cargo, September 2, 1862, the United States attorney moved for and obtained a decree by default condemning the same as forfeited. He also, on July 29, applied for and obtained, for cause then shown, an order of the court to examine Dewitt Kells, a person present at the aforesaid capture, but not

one of the company of the said prize vessel, as a witness in preparatorio in this suit. That examination was accordingly made by one of the prize commissioners July 31, 1862, and filed September 9 thereafter, and is now submitted to the court, and final judgment of condemnation and forfeiture of the said sloop and her cargo, as prize, is prayed by the United States attorney thereupon. The witness testifies that the capture was made as alleged in the libel; that the prize was immediately thereupon, by the order of Senior Officer Hitchcock, of the Susquehanna, appropriated to the use of the gun-brig Bohio, and was never brought into this port; that the cargo seized was, by order of the said Hitchcock, transported to the prize-steamer Anne, and brought to the city of New York; that the seizure was made because the vessel and cargo were Confederate property, and were bound from Mobile, a blockaded port, to Pascagoula, an enemy's port; that the capture was witnessed by him; that there were only four persons on board of the captured vessel; that they were of a low class, and were not brought to this port; and that Pascagoula was a place then under blockade. No papers were found on board of the captured vessel. The return made by the marshal, on the warrant of attachment, is, that he attached the Wave and her cargo. This, on the proofs, was clearly only so as to the cargo, which was present and within the reach of the process; but the process could be served only symbolically on the sloop, as there is no evidence of an appearance in her behalf, nor is any legal proof furnished for omitting to bring to this port the persons apprehended with the vessel, nor that decree of proof adequate to show that she was enemy property, or had violated the blockade. As to the cargo, that being held under actual custody by the court, the monition issued on such seizure, and legally served, and not replied to, furnishes prima facie evidence of the truth of the allegations made against it by the prosecution. That character of proof is augmented by the testimony of the witness present, that the cargo was captured by the libellants in the act of being transported from one blockaded port to another. The default is adequately sustained thereby, so far as to entitle the libellants to demand the full confiscation of the cargo. The cargo is, accordingly, ordered to be confiscated, and the sloop is acquitted in the suit, for default of legal arrest and prosecution as to her. The case of The Joseph H. Toone [Case No. 7,541], in this court (Oct. term, 1862), is in point, and presents the authorities upon which the decree in that case rested. Let there be a decree for the forfeiture of the cargo, and the discharge of the vessel for want of prosecution.